UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VIVIAN J. MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:05-CV-212-LMB ) |
| SOUTHEAST CORRECTIONAL CENTER, | ) ) ) ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Vivian J. Miller for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff brings this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiff has submitted her action on one of this Court's standard "Complaint" forms; however, she has not attached a copy of her Notice of Right to Sue letter. As such, the Court does not have sufficient information to review her employment claim under 28 U.S.C. § 1915(e)(2)(B). Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant her time to file a copy of her Right to Sue letter, as set forth below.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall submit to the Court a copy of her Equal Employment Opportunity Commission's Right to Sue letter.

**IT IS FURTHER ORDERED** that upon receipt of said Right to Sue letter, this action will be submitted to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a copy of her Right to Sue letter within thirty (30) days from the date of this Order, the action will be dismissed, without prejudice.

Dated this 9th day of December, 2005.

_____
**UNITED STATES MAGISTRATE JUDGE**